UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARLOS APONTE-SOBRADO, Plaintiff | CIVIL DOCKET NO. 1:20-CV-878-P |
| VERSUS | JUDGE JOSEPH |
| UNITED STATES OF AMERICA, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Complaint (ECF No. 1) filed by *pro se* Plaintiff Carlos Aponte-Sobrado ("Aponte-Sobrado") pursuant to the Federal Tort Claims Act ("FTCA"). Aponte-Sobrado is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana.

Because Aponte-Sobrado cannot establish jurisdiction for his claim against the United States, his Complaint (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

### I. Background

Aponte-Sobrado alleges that from October 15, 2019 to November 19, 2019, he "requested A-D Unit Manger Beobeff to provide official service Oath and Acknowledgment stamp pursuant to 18 U.S.C. § 4004 to verify inmate/Plaintiff's

identification on several legal documents."[1] ECF No. 1 at 3. According to Aponte-Sobrado, "Unit Manager Beobeff engaged in conduct clearly demonstrating his refusal to provide Plaintiff with the service sought which further amounts to a breach of fiduciary duty owed to inmate/beneficiary and act of knowing and intentional negligence of duty owed." ECF No. 1 at 3.

Aponte-Sobrado allegedly provided "notification via the BOP's TRULINCS Electronic Inmate Request to Staff" of Beobeff's "failure to provide the service requested." ECF No. 1 at 3. He also allegedly delivered hard copies of a BP-A0148 (Inmate Request to Staff). ECF No. 1 at 4. According to Aponte-Sobrado, his requests went unanswered.

Aponte-Sobrado further alleges that he submitted other "Requests to Staff" through TRULINCS, including the following: a "Power of Attorney" under the "D.C. Code" granting another inmate power of attorney" (ECF No. 1-2 at 6-7); a "Full Accounting, Acceptance for Value, Final Settlement & Satisfaction; Accounting Closing; Release & Unconditional Discharge and Termination Orders" also reportedly under the D.C. Code and Uniform Commercial Code (ECF No. 1-2 at 9-10); an "Order: Notice of Termination and Release & Unconditional Discharge Orders" purporting to discharge all obligations owed by Aponte-Sobrado (ECF No. 1-2 at 16); a "Notice of

---

[1] Under § 4004, "wardens and superintendents, associate wardens and superintendents, chief clerks, and record clerks, of Federal penal or correctional institutions, may administer oaths. . . ." 18 U.S.C. § 4004.

Breach of Duty" complaining that Aponte-Sobrado should have been released from custody per his "Power of Attorney" (ECF NO. 1-2 at 18); several "Entitlement Orders" reiterating Aponte-Sobrado's belief that he is entitled to be released from custody (ECF No. 1-2 at 20, 22-23, 25-28, 30-39); a request to review his central file (ECF No. 1-2 at 40-41); a "Request for Information" seeking $ 1.6 million for "false imprisonment, kidnapping, aiding & abetting, conspiracy, and extortion" (ECF No. 1-2 at 47-50); and, an "Accord & Satisfaction" cancelling "the security agreement of record and all related securities in accordance with the law" (ECF No. 1-2 at 51).

Aponte-Sobrado alleges that due to the failure or refusal of USP-Pollock officials to administer the oath under § 4004, he is suffering from unlawful imprisonment, kidnapping, and extortion. ECF No. 1 at 4.

II. <u>Law and Analysis</u>

This Court lacks jurisdiction over Aponte-Sobrado's claim. "Under [the] principle of sovereign immunity, the United States may not be sued except to the extent it consents by statute; any waiver of immunity must be unequivocally expressed, with all uncertainties being resolved in favor of the government." *Boehms v. Crowell*, 139 F.3d 452, 463 (5th Cir. 1998) (citations omitted). The existence of consent is a prerequisite for jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Further, "no suit may be maintained against the United States unless the suit is brought in exact compliance with the terms of a statute under which the

3

sovereign has consented to be sued." *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 629 (5th Cir. 2002) (quoting *Koehler v. United States*, 153 F.3d 263, 265–66 (5th Cir. 1988)). There is no waiver in 18 U.S.C. § 4004 authorizing suit against the United States under that statute.

The FTCA is a waiver of sovereign immunity that provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674 (2006). However, claims under the FTCA must be properly exhausted. The exhaustion provision under the FTCA is jurisdictional.[2] *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Price v. United States*, 81 F.3d 520, 521 (5th Cir. 1996). Aponte-Sobrado did not properly exhaust any claim under the FTCA.

The procedures for filing a tort claim by a prisoner incarcerated in BOP custody are codified at 28 C.F.R. §§ 543.30-543.32. *See Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985). Section 543.31 requires that a federal inmate obtain the form

---

[2] 28 U.S.C. §2676(a) provides in part: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

for filing a tort claim from BOP staff, and then either mail or deliver the claim to the regional officer in the region where the claim occurred. *See* 28 C.F.R. § 543.31; *Richard v. Capps*, 3:07-CV-00138, 2007 WL 2428928, at *4 (N.D. Tex. Aug. 28, 2007).

Aponte-Sobrado alleges that he submitted a BP-A0148 (Inmate Request to Staff) form "in lieu of a formal standard Form-95" FTCA claim form. ECF No. 1 at 4. Such informal requests to prison staff to resolve disputes do not satisfy the FTCA's exhaustion requirement. *See Brown v. United States*, 5:11-CV-63, 2012 WL 7655323, at *2 (S.D. Miss. Dec. 19, 2012), *report and recommendation adopted sub nom. Brown v. Fed. Bureau of Prisons*, 5:11-CV-63, 2013 WL 797443 (S.D. Miss. Mar. 4, 2013) (citing *Murrey v. United States*, 73 F.3d 1448, 1452 (7th Cir. 1996) (holding that a claim must contain the information required by Standard Form 95); *Smith v. United States Dep't of Justice*, 2012 WL 5590831, at *2 (N.D.Fla. 2012) (finding inmate grievances sufficient to exhaust *Bivens* action, but not FTCA claim); *McDaniels v. Richland County Public Defenders Office*, 2012 WL 1565618, at *5 (D.S.C. 2012) (holding BOP prison grievances are not sufficient to satisfy FTCA exhaustion requirements); *Marks v. United States*, 2007 WL 3087157 (W.D. Wash. 2007) ("The filing of a grievance at an institution is not the same as making an official tort claim demand, addressed to the proper agency.")); *see also, Bastien v. Samuels*, 14-CV-1561, 2015 WL 5008837, at *5 (E.D.N.Y. Aug. 21, 2015) (Inmate Request to Staff

5

forms, commonly known as "cop out" forms, are informal requests to prison staff to resolve disputes, and do not satisfy the exhaustion requirement of the FTCA).

Furthermore, Aponte-Sobrado does not provide factual allegations supporting a claim that he suffered injury or loss of property. There is no basis for Aponte-Sobrado's contention that prison officials' failure to administer an oath to him has resulted in his wrongful imprisonment, kidnapping, or extortion. ECF No. 1 at 4. Aponte-Sobrado's allegation is conclusory at best.

Finally, the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars any claims against the United States brought under the FTCA that would implicate the legality of his conviction or sentence. *Williams v. Jackson*, 1:05-CV-485, 2006 WL 8440816, at *8 (E.D. Tex. Sept. 6, 2006). Aponte-Sobrado's contention that he is being unlawfully imprisoned necessarily implicates the legality of his prison sentence.

### III. Conclusion

Because Aponte-Sobrado cannot establish jurisdiction for his claim against the United States, IT IS RECOMMENDED that his Complaint (ECF No. 1) be DISMISED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof,

unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Wednesday, September 9, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE